UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DONALD HARRINGTON,

      Plaintiff,

v.                                    Case No:  2:25-cv-00673-JES-DNF

COMMISSIONER   OF   SOCIAL
SECURITY,

      Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on consideration of Magistrate Judge Douglas N. Frazier's Report and Recommendation (Doc. #27) filed on May 28, 2026, recommending the decision of the Commissioner be affirmed. Plaintiff filed Objections to the Magistrate Judge's Report and Recommendation (Doc. #28) on June 9, 2026. For the reasons set forth below, the Court overrules the objections, adopts the Report and Recommendation, and affirms the decision of the Commissioner.

### I.

A district court must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made and to matters of law. See 28 U.S.C. § 636(b)(1). The Court reviews the Commissioner's decision to

determine if it is supported by substantial evidence and based upon proper legal standards, but reviews the Commissioner's conclusions of law under a *de novo* standard of review.[1] Walker v. Soc. Sec. Admin., Comm'r, 987 F.3d 1333, 1338 (11th Cir. 2021); Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004); Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1060 (11th Cir. 2021). Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Biestek v. Berryhill, 587 U.S. 97, 102-03 (2019); Buckwalter v. Acting Comm'r of Soc. Sec., 5 F.4th 1315, 1320 (11th Cir. 2021); Pupo, 17 F.4th at 1060. Even if the evidence preponderates against the Commissioner's findings, the Court must affirm if the decision reached is supported by substantial evidence. Buckwalter, 5 F.4th at 1320; Crawford, 363 F.3d at 1158-59. The Court does not decide facts anew, make credibility judgments, reweigh the evidence, or substitute its judgment for that of the Commissioner. Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1104 (11th Cir. 2021); Buckwalter, 5 F.4th at 1320.

---

[1] The final decision of the Administrative Law Judge ("ALJ") is considered the Commissioner's decision. However, the Court will refer to the ALJ's decision throughout its analysis.

**II.**

Following the familiar five-step process[2] applicable to applications for Supplemental Security Income ("SSI"), the ALJ found:

Step One:  Plaintiff has not engaged in substantial gainful activity since July 5, 2021, the application date.  (Tr. 12.)

Step Two:  Plaintiff has the following severe impairments which significantly limit his ability to perform basic work activities: pancreatitis; degenerative disc disease of the lumbar spine; osteoarthritis of the knees; chronic obstructive pulmonary disease; hypertension; neurocognitive disorder; and anxiety.  (Tr. 12.)  The ALJ also considered the non-severe impairment of Plaintiff's tremors.  (Tr. 13.)

Step Three:  Plaintiff's impairments or combination of impairments did not meet or equal the medical severity criteria establishing disability.  (Tr. 13.)  The ALJ "considered all listings and g[ave] particular attention to listing 1.15, 1.16, 1.18, 3.03, 5.06, and 14.09."  (Tr. 13.)

Before proceeding to Step Four, the ALJ determined Plaintiff had the follow residual functional capacity ("RFC"):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual

---

[2] Pupo, 17 F.4th at 1057.

-3-

functional capacity to: lift/carry 20 pounds occasionally and 10 pounds frequently; sit for six hours in an eight hour workday; stand and/or walk for six hours in an eight hour workday; occasional climbing of ramps or stairs, but no climbing of ladders, ropes, or scaffolds; occasional balancing as defined by the SCO; occasional stooping, kneeling and crouching; no crawling; frequent handling and fingering; must avoid concentrated exposure to pulmonary irritants such as fumes, odors, dust, and gases; no exposure to hazardous machinery or unprotected heights; able to understand, remember, and carry out simple instructions; able to make simple work-related decisions; able to deal with changes in a routine work setting; no fast-paced production work defined as no work requiring a specific production rate such as assembly line work or work that requires hourly quotas; occasional interaction with coworkers and supervisors; and no interaction with the public.

(Tr. 17.)

Step Four:  The ALJ found Plaintiff had no past relevant work. (Tr. 25.)

Step Five:  Relying in part on the Plaintiff's age, education, work experience, RFC, and the testimony of a vocational expert, the ALJ found that Plaintiff could perform jobs that exist in significant numbers in the national economy.  (Tr. 25-26.) Therefore, Plaintiff was not disabled.  (Tr. 26.)

**III.**

Plaintiff's Objections assert the magistrate judge erred in four ways: (1) finding the ALJ adequately addressed the supportability of Cheryl Kasprzak's, Psy.D. ("Dr. Kasprzak") extreme adaptation limitation opinion; (2) finding the ALJ

-4-

adequately addressed the consistency of Dr. Kasprzak's opinion; (3) misusing the "decision as a whole" doctrine; and (4) summarily dismissing Plaintiff's harmless-error argument.  (Doc. #28, p. 2.) The Court addresses each in turn.

### A.   The ALJ's Supportability and Consistency Analysis Is Supported by Substantial Evidence

Plaintiff contends the ALJ's analysis on supportability and consistency are inadequate for a variety of reasons.  Specifically, Plaintiff argues the ALJ conflated consideration of "normal thought processes and normal abstract reasoning" with "memory-based deficits in retention and manipulation of information."[3] (Doc. #28, pp. 3-6.)  Contrary to Plaintiff's arguments, the Court's independent review of the record establishes that the ALJ properly evaluated the persuasiveness of Dr. Kasprzak's opinion.

The regulations for disability claims filed after March 27, 2017, changed and an ALJ does not defer or give any specific evidentiary weight to a medical opinion.  See 20 C.F.R. § 404.1520c(a); 20 C.F.R. § 416.920c(a).  Instead, an ALJ considers the persuasiveness of a medical source's opinions by considering: (1) supportability; (2) consistency; (3) relationship with the

---

[3] The Court notes most of Plaintiff's arguments concern the weight of the evidence given by the ALJ — considerations not properly before the Court.  See Simon, 7 F.4th at 1104; Buckwalter, 5 F.4th at 1320.

claimant, including the length, frequency, and purpose of the examining and any treatment relationship; (4) specialization; and (5) other factors, such as the source's familiarity with other evidence concerning the claim, that tend to support or contradict the medical opinion. See 20 C.F.R. §§ 404.1520c(a)-(c); 20 C.F.R. §§ 416.920c(a)-(c). Unless there are two or more equally persuasive opinions on the same issue, an ALJ may, but is not required to, explain how he considers factors other than supportability and consistency. See 20 C.F.R. § 404.1520c(b)(2); 20 C.F.R. § 416.920c(b)(2).

These regulations also differentiate between medical opinions and "other medical evidence." See 20 C.F.R. §§ 404.1513(a)(2)-(3); 20 C.F.R. §§ 416.913(a)(2)-(3). Medical opinions are statements "from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions" in the abilities listed in paragraphs (a)(2)(i) through (iv). See 20 C.F.R. § 404.1513(a)(2); 20 C.F.R. § 416.913(a)(2). On the other hand, "[o]ther medical evidence is evidence from a medical source that is not objective medical evidence or a medical opinion, including judgments about the nature and severity of your impairments, your medical history, clinical findings, diagnosis, treatment

-6-

prescribed with response, or prognosis." <u>See</u> 20 C.F.R. § 404.1513(a)(3); 20 C.F.R. § 416.913(a)(3).

At issue is the ALJ's evaluations of Dr. Kasprzak's and findings in both the disability evaluation and in the Medical Source Statement. (Tr. 22-23.) The ALJ wrote:

> The undersigned is partially persuaded by the opinions of the psychological consultative examiner (22F). The undersigned is not persuaded by the statement that the claimant's [Wechsler Memory Scale-Fourth Edition ("WMS-IV")] testing indicated significant impairment with regard to gainful employment, as this is not a function by function assessment of the claimant's abilities. The undersigned agrees the claimant would have no limitations in understanding and remembering simple instructions, in carrying out simple instructions, and in his ability to make judgment on simple work-related decisions. These assessments are consistent with their examination of the claimant that showed his thought process and abstract reasoning ability to be within normal limits and to have insight and judgment that were adequate for purposes of the evaluation. The undersigned also generally agrees the claimant would have extreme limitations concerning complex instructions and complex work-related decisions, these assessments are consistent with the mental status examination and testing that found the claimant to have memory deficits. Accordingly, the undersigned has limited the claimant to understanding, remembering, and carrying out simple instructions and making simple work-related decisions. The examiner also found the claimant would have no limitations in interacting appropriately with the public, with supervisors, and with coworkers, but that he would have an extreme limitation in responding appropriately to usual work situations and to changes in a routine work setting. The undersigned finds the claimant to be more limited than assessed concerning his social limitations as he has reported panic attacks, not wanting to leave the home, and anxiety. Consequently, the undersigned has limited the claimant to only occasional interaction with coworkers and supervisors

and no interaction with the public. Lastly, the undersigned does not agree the claimant would have an extreme limitation in responding appropriately to usual work situations and to changes in a routine work setting. This opinion is inconsistent with the examiner's own notes that reflect the claimant having a thought process within normal limits, abstract reasoning within normal limits, and attention and concentration within normal limits. Further, the claimant's treatment notes from Dr. Hynick generally do not reflect any significant cognitive deficits or indicate the claimant having any problems answering questions from his provider (15F;19F).

(Tr. 24-25.)

### (1)   Supportability

"The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." See 20 C.F.R. § 404.1520c(c)(1); 20 C.F.R. § 416.920c(c)(1).  The thrust of Plaintiff's arguments concerning supportability is: (1) the ALJ relied on information testing "fundamentally different cognitive domains" which Dr. Kasprzak did not rely upon; and (2) the ALJ fails to explain "why normal thought processes and normal abstract reasoning contradict memory-based deficits in retention and manipulation of information."  (Doc. #28, p. 3.)  The Court finds substantial evidence supports the ALJ's decision.

Plaintiff's first argument about the ALJ's reliance on information not used by Dr. Kasprzak improperly attempts to litigate the weight the ALJ assigned evidence.  The Court cannot second guess the weight attributed by the ALJ but instead can only consider whether the decision is supported by substantial evidence.  Buckwalter, 5 F.4th at 1320; Crawford, 363 F.3d at 1158-59; Simon, 7 F.4th at 1104.  As such, Plaintiff's first argument is unpersuasive.

Plaintiff's second argument fails to show how the ALJ's decision is not supported by substantial evidence.  One of the main reasons the ALJ was not completely persuaded by Dr. Kasprzak's opinion was his finding that the WMS-IV "is not a function by function assessment of the claimant's abilities." (Tr. 24.)  The WMS-IV requires the patient "to temporarily hold and manipulate spatial locations and visual details", "to listen to oral information, repeat it immediately, and then recall it after a 20 to 30 minute delay," and "to recall verbal and visual information immediately after the stimuli is presented . . .." (Tr. 1239.) "[T]he ability to complete [or not complete] tasks in settings that are less demanding than a typical work setting does not necessarily demonstrate an applicant's ability [or inability] to complete tasks in the context of regular employment during a normal workday or work week."  See Schink v. Comm'r of Soc. Sec., 935

F.3d 1245, 1265 (11th Cir. 2019)(internal quotation marks omitted)(quoting 20 C.F.R. pt. 404, Subpt. P, app. 1, § 12.00(C)(6)(b)).  These tests in controlled environments are not entirely relevant to the tasks and situation Plaintiff would be in the workplace.  As such, the ALJ properly discounted the WMS-IV results as not being entirely relevant to Dr. Kasprzak's opinion. (Tr. 24.)

Further, Dr. Kasprzak's own notes undercut her opinion when she found that Plaintiff's thought process, abstract reasoning, and attention and concentration were within normal limits.  (Tr. 25, 1240.)  This evidence adequately supports the finding that the Plaintiff could respond appropriately to usual work situations and change in a routine work setting, even if the Plaintiff would put more weight on other evidence.  While Plaintiff's thought process, abstract reasoning, and attention and concentration may be different cognitive domains from memory, this does not change the fact that the ALJ's decision is supported by substantial evidence.

### (2)  Consistency

"The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be."  See 20 C.F.R. § 404.1520c(c)(2); 20 C.F.R.

§ 416.920c(c)(2).  Plaintiff contends Dr. Hynick's notes "contain no cognitive testing, no assessment of adaptive functioning, and no meaningful discussion of cognitive capacity," which cannot support a finding of inconsistency when compared to Dr. Kasprzak's specialized psychological evaluation.  (Doc. #28, pp. 5-6.)

Plaintiff is correct that Dr. Hynick's notes predominantly reference Plaintiff as being alert, oriented X3, and able to answer questions correctly and that Dr. Hynick is not a mental health specialist.  (Tr. 1166, 1168, 1170-171, 1173-174, 1176, 1178-184, 1198, 1200.)  This, however, is not the smoking gun he believes it to be, because these notes still relate to the Plaintiff's cognitive abilities.[4]

These treatment notes show no significant cognitive deficits for the nearly two years Dr. Hynick saw Plaintiff.  While they contain no cognitive testing, such evidence permits a reasonable inference that Dr. Kasprzak's opinion is inconsistent with other available medical evidence.  This is especially true when

---

[4] It appears Plaintiff again takes issue with the weight the ALJ assigned Dr. Hynick's notes given Dr. Hynick's lack of mental health specialization.  This reading of Plaintiff's arguments is further supported by the cases Plaintiff cites that rely upon outdated regulations that require certain weight be assigned to medical opinions. (Doc. #28, pp. 5-6.)

considering Dr. Kasprzak only saw Plaintiff once for a period of three hours.

Considering the administrative record, the Court cannot conclude that the ALJ's decision is not supported by substantial evidence. Accordingly, Plaintiff's first two objections are overruled.

**B.    The Decision as a Whole Doctrine Supports the ALJ's Analysis**

Next, Plaintiff contends the Report and Recommendation "construct[ed] new reasoning the ALJ never articulated." (Doc. #28, p. 7.) Plaintiff points out that the ALJ's decision did not "connect [Plaintiff's] lack of psychiatric treatment, his television habits, or the March 2022 examination to the rejection of Dr. Kasprzak's extreme adaptation limitation." (Id.) The Court's review of the record, however, shows the ALJ did connect each of these through his discussion of the record.

The ALJ considered both Dr. Hynick's and Dr. Kasprzak's notes in the respective medical records in finding that Dr. Kasprzak's medical opinion was neither supported nor consistent with her own notes or Dr. Hynick's notes. Specifically, the ALJ summarized Dr. Kasprzak's evaluation where she noted "[t]he claimant indicated he had never been under the care of a psychiatrist or psychotherapist," "denied any inpatient treatment history in a

-12-

behavior health or mental health facility," and "reported watching 10 hours of television and spending four hours on the internet daily." (Tr. 22-23, 1239.) Next, the ALJ discussed Dr. Hynick's notes and highlighted Plaintiff's lack of cognitive deficits over the course of nearly two years of care by Dr. Hynick. (Tr. 20-22, 1166, 1168, 1170-171, 1173-174, 1176, 1178-184, 1198, 1200.)

There is no need for an ALJ to "repeat substantially similar factual analyses" in circumstances where there is sufficient explanation like here. See Raper v. Comm'r of Soc. Sec., 89 F.4th 1261, 1275-76 (11th Cir. 2024)(quoting Rice v. Barnhart, 384 F.3d 363, 370 n.5 (7th Cir. 2004)). The records the ALJ cited show Plaintiff's history of memory within normal limits, lack of psychiatric care, and television habits. (Tr. 24.) The ALJ's discussion of these topics evidences his consideration of them when rejecting Dr. Kasprzak's medical opinion. (Tr. 24.) As stated above, Plaintiff's true quarrel is with the weight the ALJ assigned the evidence, which this Court is prohibited from second-guessing. Simon, 7 F.4th at 1104; Buckwalter, 5 F.4th at 1320. Accordingly, Plaintiff's third objection is overruled.

### C. Without Any Error, Plaintiff's Fourth Objection is Overruled

Finally, Plaintiff argues the Report and Recommendation erred in summarily dismissing his harmless-error argument. (Doc. #28,

-13-

pp. 8-9.)  Having overruled Plaintiff's first three objections, the fourth objection is without merit.  Accordingly, Plaintiff's fourth objection is overruled.

Having overruled all Plaintiff's objections and conducting an independent review, the Court agrees with the findings and recommendations in the Report and Recommendation (Doc. #27).

Accordingly, it is now

**ORDERED:**

(1)  The Report and Recommendation (Doc. #27) is **accepted and adopted** by the Court.

(2)  Plaintiff's Objections (Doc. #28) to the Magistrate Judge's Report and Recommendation are **OVERRULED.**

(3)  The decision of the Commissioner of Social Security is **AFFIRMED.**

(4)  The Clerk shall enter judgment accordingly, terminate all pending deadlines, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this ___8th___ day of July 2026.

_____

JOHN E. STEELE

SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record

-14-